TRAUT & HINE MANUF'G CO. et al. v. WATERBURY BUCKLE CO.

(Circuit Court, D. Connecticut. March 7, 1895.)

No. 820.

PATENTS—INFRINGEMENT—INJUNCTION—GARMENT SUPPORTERS.

The Adams patent, No. 487,689, for improvements in garment supporters, construed as to claim 2, and a preliminary injunction denied, on the ground that infringement did not clearly appear. 64 Fed. 492, modified.

This was a bill by the Traut & Hine Manufacturing Company and George E. Adams against the Waterbury Buckle Company for infringement of letters patent No. 487,689, issued to said Adams December 6, 1892, for an improvement in garment supporters. A preliminary injunction was heretofore granted, together with an order suspending its operation until the case could be heard by

the circuit court of appeals. 64 Fed. 492. Defendant now moves for a rehearing, upon the ground of newly-discovered evidence.

Mitchell, Hungerford & Bartlett, for complainants.

George E. Terry, for defendant.

TOWNSEND, District Judge. This is a motion for a rehearing, upon the ground of newly-discovered evidence, which, it is alleged, shows lack of novelty, in view of the prior art, and raises a question of doubt as to whether the patentee was the first to conceive the invention of the patent. On the former hearing, the court decided that the second claim of the patent in suit was infringed, and ordered a preliminary injunction, but granted, also, an order suspending its operation until the case could be heard by the circuit court of appeals. Under the general claim of lack of novelty, three patents were introduced on this hearing, namely: Patent No. 300,430, dated June 17, 1884, granted to Benjamin F. Archer; British patent No. 9,617, dated July 3, 1888, granted to Charles N. Fyland; and British patent No. 2,150, dated May 26, 1880, granted to George Walker. One of the drawings of the Fyland patent shows or suggests the downward curve of the patented cast-off. Another shows two catches at the side of the front plate. The curve at the lower end of the back plate is practically the same as that of defendant's buckle. It may be true, as urged by complainants, that said patent does not show the precise latch for positively locking the members together, as described in the patent in suit, and covered by the first claim, nor such coacting members for jointly supporting the cord when it is subjected to stress. But, in order to sustain the second claim of the patent, and to find infringement upon the evidence presented at the former hearing, it seemed necessary to hold that the location of the catch was not a special feature of the patented invention, and that the only object of the patent was to so arrange it that it might be readily engaged and disengaged. The feature of joint support by coacting members was considered, and it was thought that, as the downward pull was entirely upon defendant's back plate, the arrangement of said catch and of the two members for joint support was not an essential element of the second claim. Under no other construction did the order for a temporary injunction seem to be justified, and this construction was adopted, with some hesitation, in order to permit the question involved to be raised by appeal. The additional evidence introduced so strongly confirms the doubts originally entertained that I think the orders already made should be vacated, and the motion for a preliminary injunction should be denied. Let an order be entered accordingly.